WILLIAM H. BUCK *vs.* LITTLE and NANCE, use, &c.

The jury having found a verdict for a specified sum, it was not competent for the court to render a judgment for a greater amount.

The court could not have done more than set the verdict aside and give the plaintiffs below a new trial.

The right to recover damages on inland bills did not exist at common law; but alone by statutory provision, which extends to domestic or inland bills that shall be protested for non-payment. *Held,* that this not being a protested bill, it does not come within the foregoing provision.

The plaintiffs below propose to remit the excess in the amount of the judgment, and this court will render the judgment which the court below ought to have rendered. *Anderson* v. *Tarpley,* 6 S. & M. 507, cited and confirmed.

IN error from the circuit court of Holmes county; Hon. Robert C. Perry, judge.

The opinion of the court contains the facts of the case.

*Fitch* and *Brown,* for plaintiff in error.

*Dyer* and *Hooker,* for defendants in error, cited and commented on 2 How. 769; Hutch. Code, 642, 463, art. 5; Chitty on Bills, 207; Ib. 318; Ib. 258, 259; *Anderson* v. *Tarpley,* 6 S. & M. 507.

Mr. Justice YERGER delivered the opinion of the court.

This was an action of assumpsit against the drawer of an inland bill of exchange. The bill was not protested; but it was proved that it was drawn without authority, and that the

drawer had no right to expect that it would be accepted or paid. On this evidence, the jury found a verdict against the defendant for the principal and interest of the bill. This verdict was right. It appears from a bill of exceptions, that after the verdict, upon motion of the plaintiff, the court added five per cent. to the amount of the verdict, and gave judgment for the amount of the verdict, and the five per cent. additional. This was erroneous, even if it were true, as contended for by the counsel for defendant in error, that by virtue of the act of May 11th, 1837, Hutch. Code, art. 5, 642, the plaintiff had a right to five per cent. damages on the bill of exchange. Yet as the jury had found a verdict for a specific sum of money, it was not competent for the court to render a judgment for any greater amount. All that the court in such case was authorized to have done, was to have set the verdict aside and given the plaintiff a new trial. In adding to the amount of the verdict, the court was assuming the province of the jury.

But the provisions of the statute before referred to, by no means warranted the court or jury in allowing the plaintiff five per cent. damages. The right to recover damages on inland bills did not exist at common law. It exists alone by statutory provision, and that provision only extends, in the language of the statute, to " domestic or inland bills which shall be protested for non-payment." As the bill of exchange in this case was not protested, it did not come within the foregoing provision. The judgment of the circuit court must, therefore, be reversed. But as the defendant in error proposes to remit the excess in the amount of the judgment, we will render the judgment in this court, which the court below should have rendered. The case of *Anderson* v. *Tarpley*, 6 S. & M. 507, warrants us in so doing. The judgment of the circuit court of Holmes county is reversed, and judgment rendered here for the amount of the verdict rendered by the jury, with interest thereon from the date of the verdict. Defendant in error will pay the costs in this court.