### J. H. THOMPSON & Co. v. T. E. MATTHEWS.

1. INTEREST. *Upon open account. A legal incident of the debt.*

Under sect. 2279 of the Code of 1871, which provides that the legal rate of interest on accounts shall be six per cent per annum, a creditor by open account is entitled to such interest, as a legal incident of the debt, after its maturity.

2. COMMISSIONS FOR ADVANCES. *Implied contract. Proof.*

To entitle a merchant to recover for commissions charged for advancing goods and money, it is not necessary that he should prove an express contract or promise of the defendant to pay such commissions, but it is sufficient if the course of dealings between the parties is proven to have been such that the promise may be inferred, — as, if it be shown that accounts containing such charges had been made out and delivered by the plaintiff to the defendant, and he had treated them as correct.

ERROR to the Circuit Court of Lincoln County.

Hon. A. G. MAYERS, Judge, specially presiding, by exchange with Hon. J. B. Chrisman.

John H. Thompson & Co., merchants, sued T. E. Matthews upon an open account, containing a charge of fifteen per cent on the balance claimed to be due as commissions for advances, and also a charge for interest on the sum of the principal debt and commissions.

For the defendant the court gave the following instructions: —

1. "Open accounts, as a matter of course, do not bear

interest; but in such cases the jury may or may not allow the plaintiffs legal interest, by way of damages for the retention of the debt after demand of payment and payment refused or delayed."

2. "Commissions for advances are not recoverable unless there be an express contract or promise to pay them, or unless the course of dealings between the parties is such, from the proof, as to convince the jury of the existence of such a contract or promise; and if the jury believe that Matthews never in any way assented to such contract, then they may deduct from the account sued on all the items of commissions."

The following instruction was given for the plaintiffs, upon the question of commissions, viz. : —

"If the jury believe from the evidence that Matthews agreed to pay the commissions, or if the course of dealings between the parties was such that such a promise may be inferred, then they will find, as to the items of commissions, for the plaintiffs; and if they believe that accounts in which commissions were charged were made out and delivered to Matthews, and he treated the same as correct, then they will find for plaintiffs as to the commissions."

The jury, in rendering their verdict, acted upon the instructions given for the defendant. The judgment was in accordance with the verdict, and the plaintiffs sued out a writ of error, and assigned for cause thereof the giving of the two instructions for the defendant above set forth.

*R. H. Thompson*, for the plaintiffs in error.

1. Open accounts bear interest after maturity, as a matter of course. Code 1871, sect. 2279.

2. A merchant is entitled to recover commissions for advancing, upon an implied contract for the payment thereof. *Houston* v. *Crutcher et al.*, 31 Miss. 51. The defendant's second instruction was calculated to mislead the jury on this point.

*L. O. Bridewell*, for the defendant in error.

The charge for commissions in the account sued on is usu-

rious. It matters not what be the form of the contract, if it was intended to be usurious, it is so ; and when the intent is not apparent, it is a question for the jury. *Mitchell* v. *Napier*, 22 Texas, 120 ; 35 Pa. St. 470 ; *Ware* v. *Bennett*, 18 Texas, 794.

CAMPBELL, J., delivered the opinion of the court.

Under sect. 2279 of the Code, a creditor by open account is entitled to six per cent interest, as a legal incident of the debt after its maturity. The case of *Houston* v. *Crutcher et al.*, 31 Miss. 51, was decided under the act of 1822 (Hutch. Code, 643, sect. 57), which did not give interest on *accounts;* but it was remarked in the opinion in that case that the right to interest on debts by open account, " on principles of justice, would seem to stand on as firm ground as the right to interest upon written contracts for the payment of money." And by the Code of 1857 and that of 1871 this principle of justice was made positive law. The first instruction given for the defendant in this case is erroneous in authorizing the jury to allow or refuse interest, in its discretion. The jury should have been told that open accounts bear interest, as a legal incident, from the time they are due.

The second instruction for the defendant is objectionable in the use of the words, "such a contract," so as to suggest the necessity of a belief by the jury that there must have been an express contract or promise by defendant, in order to make him liable for "commissions for advances." The law on this subject is properly announced in the instructions for the plaintiffs.

Judgment reversed and a new trial awarded.