## HAMILTON MOODY *v.* CHAS. GALIGHER.

**Judgment — Must Conform to Verdict.**

> A judgment of the court in a larger amount than that assessed by the verdict of a jury is erroneous.[1]

**Instruction.**

> The legal effect of notice given by a mortgagee of the incumbrance on his stock of merchandise, to an agent of a proposed creditor, should be submitted to the jury on proper instructions.

**Same.**

> It was error to refuse the following instruction: "The court instructs the jury, if they believe from the evidence the plaintiffs, prior to any dealings with defendant, had knowledge and consented to the defendant merchandising with a deed of trust held upon his stock by a third party, they will be warranted in finding that the attachment was wrongfully sued out."

Appellees attached the stock of goods of appellant on the ground of fraudulent assignment for the purpose of defrauding his credit-

---

1

Where the verdict is for too small an amount the court cannot correct it by adding thereto what was omitted. The damages on a protested bill are to be included in the verdict, and are not to be added by the court. Buck *v.* Little, 2 Cush. 463.

ors, and levied on merchandise to the amount of $200, as shown by the sheriff's return. Appellant filed a plea in abatement, denying all the allegations. Evidence introduced by defendant below showed that, prior to his purchase of the bill of goods sued on by appellees, he had given to John P. Richardson & Co. a deed of trust on his entire real and personal property to secure them for advances made to him and merchandise furnished, and that he had retained the property, goods, wares, and merchandise in his possession and control the same as before the execution of said trust deed. That, at the time of the sale to him by plaintiffs, he had informed their agent of the existence of this trust deed, and that the agent told him " that would make no difference to them. They would sell him the goods." That afterward, in consideration of John P. Richardson & Co. granting him further time in which to pay the amount due on the first trust deed, he executed to them a second deed of trust on the same property, and the former one was canceled.

On the trial of the cause, the attachment was sustained and the verdict of the jury was as follows: " We the jury find for the plaintiffs and assess their damages at the sum of $172." Whereupon a judgment of court was rendered for *$200*, and costs.

From this judgment defendant appeals.

APPEALED from Circuit Court, Copiah county, T. J. WHARTON, Judge.

Reversed and remanded, February 23, 1885.

*Attorneys for appellant, Calhoon & Green.*

*Attorney for appellee, Joe Purser.*

Brief of Calhoon & Green:

* * * Moody actually told the man who was trying to sell him goods all about the deed covering his stock, and that he did not

In a criminal case, where the verdict is right, but the judgment erroneous, there will be a reversal, but the case will be remanded for the proper judgment. Dick v. State, 53 Miss. 384.

If the value of the property be not assessed it is error to render judgment for the whole of plaintiff's demand against the sureties. Phillips v. Harvey, 50 Miss. 489.

like to trade with any one except the beneficiaries in it, as he might " come to grief " because of it, and yet plaintiffs sold him, saying it made no difference about the deed, whereupon the court charged the jury that the deed was " void in law and sustains the attachment, and the jury will find for plaintiffs," and refused defendant's charge that it was harmless if plaintiffs had notice. A deed of trust like the present one, if recorded, as this one was, is not fraudulent *per se*. Hilliard v. Cagle, 46 Miss. 341, 342.

The case at bar is stronger than Hilliard v. Cagle. There, if the deed had been recorded, it would have been valid; here the deed was not only recorded but the creditor knew of it and consented to it by stating that it made no difference. True, this was the original deed of trust, but the one in evidence is shown to be a renewal of it, and with the same terms contained in it. The creditor knew of and assented to a mortgage to Richardson on the stock of merchandise. If it had been a fraud, he would have been estopped to object to it. A renewal of that same deed of trust with the " now on hand," being of different date, might be said to be a deed not embraced in the original consent. The answer is, that the testimony shows that Moody informed the agent that there was a " running deed of trust upon the entire stock," which, though a mistake in fact, in this, that the mortgage was only on goods on hand, was operative to elicit the consent of the agent to that character of mortgage. The consent was to a mortgage on after-acquired goods. The renewal was on the *after-acquired* goods, though only on that on hand, at the time of its execution. To this deed of trust, or rather to the facts evidenced by it, the consent of the creditor was given and such being the case he cannot afterward say it was fraudulent.

The trust deed under consideration, it will be seen, has not the objectionable feature of conveying *after*-acquired goods as in Harmon v. Hoskins, 56 Miss., and Joseph v. Levi, 58 Miss. It conveys only the goods " now belonging " to Moody, and, having been duly acknowledged and recorded, ought to be good as to subsequent creditors on the mere constructible notice of the record, much more so as to creditors subsequent and with *actual notice*. It is not obnoxious to any provision of the Statute of Frauds but meets all the requirements of Code, section 1293.

The judgment of the court on the verdict was erroneous. The verdict ascertained the debt to be $172, while the court adjudged

thereupon that defendant and his surety restore the goods replevied or pay $200, their value. Certainly it was enough to require them to restore the goods, or pay the *debt and costs.*

Brief of Joe Purser:

This is a suit based upon account due appellees by appellant, and was begun by attachment. The debt was contracted during the months of September and October, 1883. By looking to the deed of trust, it will be seen that subsequent to the contracting of the debt, and before the attachment was sued out, appellant, H. Moody, executed said deed and thereby conveyed in trust the entire stock of goods upon which he was then doing business as a merchant. By his own statement it will be seen that he remained in possession of the mortgaged property, dealing with the same as his own, selling and disposing of it in the ordinary course of business, and that too with the knowledge and consent of the mortgagee, and was so doing at the time the attachment was issued. Upon the above state of facts there need be no argument, such state of facts warranting Moody's creditors to attach him. 46 Miss. 309.

But Moody seeks to estop Galigher & Son from claiming the right to attach his goods because their agent in the spring of 1883 said to him that it made no difference to Galigher & Son whether there was a mortgage on his goods at that time. We do not think that the principle of estoppel applies in this case.

Does a man by ignoring an act which would under some circumstances not then surrounding him be a fraud upon him thereby forever preclude himself from objecting to a similar act performed subsequently, however fraudulent it might then be? We think not.

The court will certainly hold that Galigher & Son did not estop themselves from attaching Moody when he fraudulently disposed of his goods by mortgaging them as aforesaid, simply because they chose to ignore the act of Moody in mortgaging his goods before they credited him. We hold that Galigher & Son are prior and not subsequent creditors. Their debt was contracted prior to the deed of trust given by Moody, and which was offered in evidence. The deed of trust complained of by Galigher & Son was for a larger debt extending the time of payment about six months and embracing additional property to the one which was in existence in the spring of 1883, the one Moody spoke to the agent

of. Hence we say there is no error in the record and the judgment should be affirmed.

OPINION.— ARNOLD, J., delivered the opinion of the court:

The verdict for plaintiffs below was for $172, and the judgment should not have been for a greater amount than this sum and costs. The court refused to instruct the jury for the defendant that " If they believe from the evidence, the plaintiffs, prior to any dealing with the defendant, had knowledge and consented to the defendant merchandizing with a deed of trust held upon his stock by a third party, that they will be warranted in finding that the attachment was wrongfully sued out."

The same and the only witness that proved the retention of the property by Moody and his power to control and dispose of the same after the trust deed was executed also testified that the plaintiffs had notice at the time they commenced dealing with him that he was doing business with a trust deed on his entire stock of goods similar to the one on his stock at the time the attachment was sued out. With such notice the plaintiffs had no grounds for attachment shown by the record unless it was afforded by the fact that the first trust deed had been canceled and another with different terms in some respects had been executed on the stock of goods and other property. On the facts of record, the intent with which the last trust deed was executed was an important element in determining whether the attachment was rightfully or wrongfully sued out.

The legal effect of the notice alleged to have been given to plaintiffs through their agent as to the existence of the first trust deed should have been submitted to the jury by instructions from the bench.

*Reversed.*