AGGIE MARSH, *as Executrix, etc.*, v. MARY S. KENDALL *et al.*

No. 12,604. (68 Pac. 1070.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT— *Correction of Verdict by Court.* When the amount of a verdict is manifestly too small, and the deficiency can be ascertained and supplied by mathematical calculation, as by adding the agreed rate of interest on a promissory note, it is not error, as against the party in whose favor the verdict was returned, to refuse a new trial because of the jury's mistake, and for the court itself to correct it by rendering judgment for the proper amount in addition to the verdict.

Error from Smith district court; R. M. PICKLER, judge. Opinion filed May 10, 1902. Affirmed.

*A. J. Kingsbury*, and *J. T. Reed*, for plaintiff in error.

*D. M. Relihan*, and *E. S. Rice*, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. :   This was a suit for a balance due on a promissory note.   Payments had been made on the note, but the number and amounts were in dispute. The jury returned a verdict for plaintiff for $547.80. This was in accordance with a claim of defendants as to the principal of the amount due.   However, the verdict did not include interest to the date of its rendition on the balance of principal remaining due when the last partial payment was made.   This was evident. The plaintiff moved for a new trial because of the insufficiency of the verdict, pointing out in her motion the omission to include the interest and specifying the amount omitted, to wit, $89.21.   The defendants consented to judgment on the verdict and for the interest mistakenly omitted from it.   The court overruled the motion for new trial and rendered judgment for $637.01, the amount of the verdict and omitted interest.   This was not error.

When the amount of a verdict is manifestly too small, and the deficiency can be ascertained and supplied by a mathematical calculation, as in this case, by adding the stipulated rate of interest on a balance due on a promissory note, it is not error, as against the party in whose favor the verdict was returned, to render judgment for him for the correct amount, and refuse a new trial because of the mistake.   In this case the jury had found against the plaintiff as to the facts and times and amounts of the payments made. The meritorious issues of the case had been thereby settled as fairly as though interest had not been mistakenly omitted from the calculation.   There could not be any dispute as to the rate of interest or the time it ran since the last payment was made.   Hence, had

4—65 KAN.

the motion for new trial been sustained, it would have been to correct a mere mathematical error which the court and parties themselves were entirely able to rectify. It would have been to retry a disputed question of fact; not for any error in determining such fact, but for an error as to another matter about which there was no dispute. In such cases as this the courts are authorized to make an addition to the verdict, or rather to render judgment for the additional amount. (*West v. The Milwaukee, Lake Shore & Western Ry. Co.*, 56 Wis. 318, 14 N. W. 292; *Carr v. Miner*, 42 Ill. 179; *James v. Morey*, 44 Ill. 352.) The principle is the same as the one which authorizes the court to order a remititur of an excessive amount returned by a jury, when the excess is ascertainable by mathematical calculation. That has been done frequently.

Other claims of error are made. One relating to the competency of witness was cured by an instruction to the jury. Another as to prejudicial remarks of counsel in argument is not presented in a way to enable us to notice it. The others are not well founded. The judgment of the court below is affirmed.

JOHNSTON, ELLIS, JJ., concurring.