# Spears *v.* Wise, *et al.*

## *Ejectment.*

(Decided June 11, 1914.   65 South. 786.)

1. *Ejectment; Judgment; Form and Requisites.*—Where the verdict was for plaintiff "for the lands sued for, to-wit" and then specifically describing lands in other sections, and a judgment following the verdict for the lands sued for; held that while a verdict merely for the lands sued for or as described in the complaint, and a judgment containing a similar recital, will be upheld by reference to the complaint, yet the phrase "to-wit" generally means to particularize what is too general in the preceding sentence, and to render clear and of certain application what might otherwise be doubtful or obscure, to call attention to more particular specifications of what has preceded, and its effect was a verdict finding for the land specifically described in the verdict and not for that described in the complaint, and a judgment following the verdict was without support in the complaint, and therefore, invalid.

2. *Words and Phrases; To-wit.*—In pleading "to-wit" is usually construed as stating the time, place, number or manner, which are not of the essence of the matter in issue, so that they need not be proved strictly as laid.

3. *Judgment; Form; Conformity to Verdict.*—A judgment must follow the verdict in every case.

4. *Same; Correction; Nunc Pro Tunc.*—While a verdict in ejectment not conforming to the description of the land in the complaint might be corrected in the lower court before its final reception and the discharge of the jury, a judgment following such a verdict was defective in a matter going to the life of the judgment, and was not susceptible of correction nunc pro tunc at a subsequent term of the court, especially where the conflict between the verdict and the complaint could be reconciled only by proof de hors the record, not allowable upon the motion nunc pro tunc.

[Spears v. Wise, et al.]

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by John F. Wise and others against J. H. Spears. Judgment for plaintiffs, and defendant appeals. Appeal dismissed.

The land sued for is described in the opinion. The verdict of the jury found for the plaintiff for the land sued for, to wit: W. ½ of S. W. ¼ of S. W. ¼, section 8, township 6, range 19, and S. E. ¼ of N. W. ¼, section 17, township 6, range 19, and N. E. ¼ of N. W. ¼, section 17, township 6, range 19, and 10 acres on the east line of S. E.¼ of S. E. ¼, section 7, township 6, range 19, and N. W. ¼ of N. W. ¼, and N. ½ of S. W. ¼ of S. W. ¼, section 17, township 6, range 19. And the judgment follows the verdict.

W. W. SANDERS, O. C. DOSTER, and H. L. MARTIN, for appellant. A judgment must conform to the pleadings and must follow the verdict. In this case the judgment is not responsive to the complaint, nor is the verdict of the jury on which it is based, and hence, the court should have granted motion for new trial. Regardless of the motion for new trial, and even though none had been made, the judgment was improper.—*Reid v. Duncan*, 5 Ala. 205; 11 Enc. P. & P. 900.

J. A. CARNLEY, for appellee. The verdict and judgment will be upheld by reference to the complaint, and the use of the phrase to wit, in the verdict has the same effect as its use in pleading.—*Webb v. Reynolds*, 139 Ala. 398; *Wiggins v. Steiner*, 103 Ala. 655; *Kilgore v. Shannon*, 6 Ala. App. 537.

ANDERSON, C. J.—While the complaint in this case is for the 80 acres of land described as the N. W. ¼ of

S. W. ¼ and S. W. ¼ of N. W. ¼ of section 12, township 3, range 19, in Coffee county, Ala., the verdict of the jury is for considerably more land and all of which is an entirely different description both as to section and township. It is true, the verdict finds the issue in favor of the plaintiffs for the land sued for, but it then proceeds to specifically describe the land as being an entirely different tract from the one sued for in the complaint. Had the verdict merely been for the land sued for, or as described in the complaint, and the judgment contained only a similar recital, they would be upheld by reference to the complaint.—*Webb v. Reynolds,* 139 Ala. 398, 36 South. 15; *Wiggins v. Steiner,* 103 Ala. 655, 16 South. 8. But the verdict uses the words, "to wit" and then proceeds to describe the land. The phrase "to wit," in pleading is usually construed as stating the time, place, number, or manner, which are not of the essence of the matter in issue, so that they need not be proved strictly as laid. When not used in pleading for the above purpose, the general meaning of the phrase "to wit" seems to be:

"To particularize what is too general in the preceding sentence, and render clear, and of certain application, what might seem otherwise doubtful or obscure; words used to call attention to a more particular specification of what has preceded."—38 Cyc. pp. 591, 592.

In pleading, except when used to designate time, place, number, or manner, the above definition quoted from 38 Cyc. seems to be the "appropriate office of the phrase."—*Kilgore v. Shannon,* 6 Ala. App. 537, 60 South. 520. The verdict here must therefore be construed as finding for the land therein specifically described and not the land as described in the complaint. The judgment after reciting the verdict, which specifically but erroneously describes the land, proceeds to

[Spears v. Wise, et al.]

adjudge that the plaintiffs have and recover said land sued for together with all costs, etc. If the judgment is for the land sued for, then it does not respond to the verdict of the jury.

"In every case the judgment must follow the verdict and the successful party rely upon his judgment as a bar."—Warvelle on Eectment, § 481; *Doyle v. Franklin*, 40 Cal. 106.

On the other hand, if we should construe the judgment as responding to the verdict and as being for the land described in said verdict, then the said judgment is not supported by the complaint.

Of course, the verdict could have been corrected in the lower court before it was finally received, and the jury was discharged; but this is a defect that goes to the life of the judgment and is more than a mere clerical error which could be corrected nunc pro tunc at a subsequent term of the court, as there is a conflict between the verdict and complaint which could only be reconciled by proof dehors the record and which is not allowable upon a motion nunc pro tunc. A judgment in ejectment should conform both to the verdict and complaint, and, as the entry in this case does not do so, it is not a valid judgment and will not support this appeal, which is accordingly dismissed.

Appeal dismissed.

MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.