COLLINS *v.* CARTER.

(Division A.   Dec. 2, 1929.)

[125 So. 89.   No. 28047.]

Collins & Collins, of Laurel, for appellant.

Jas. T. Welch, Roy P. Noble, Ellis B. Cooper and W. S. Welch, all of Laurel, for appellee.

McGowen, J., delivered the opinion of the court.

The pleadings and evidence in this case are set forth in the report of a former appeal found in 151 Miss. 1, 117 So. 336, wherein this case was remanded for retrial.

Referring to the account on which the suit is based, it will be seen that Collins, the appellant here, was sued for items of material constituting one distinct part thereof and an item of labor. The amount of the account for material is three hundred twenty-six dollars and ninety-five cents, and the amount for labor is sixty-seven dollars and seventy-one cents.

The jury returned into open court the following verdict: "We, the jury, find for the plaintiff, the sum of three hundred dollars and twenty-six and ninety-five cents ($326.95)."

The verdict was received by the court without objection by either party. Thereupon the court entered up its judgment for three hundred twenty-six dollars and ninety-five cents, and in addition thereto by interest thereon from the day the suit was filed at the rate of six per cent per annum, amounting to thirty-four dollars and thirty-two cents, making the total amount for which the judgment was rendered three hundred sixty-one dollars and twenty-seven cents.

In his motion for a new trial, appellant challenged the right or power of the court to add interest to the verdict of the jury, and the court overruled the motion for a new trial. Collins appeals here.

The sole error alleged and urged here for reversal of this case is the action of the court in adding interest to the verdict of the jury in the judgment rendered by the court below.

It is patent that the jury found for the plaintiff the amount of his material claim to the cent, and that the jury disallowed the claim for labor. It is also patent that plaintiff, as a matter of law, in this state of the case, was entitled to interest at the legal rate on the open account from the date of demand, which assuredly we may safely assume, at any rate, to be the date on which the suit was brought, which suit is maintained as proper by the verdict of the jury. The plaintiff's declaration contained a demand for interest.

The instructions submitted by the court to the jury contained no reference to interest on the demand.

Under section 2223, Hemingway's Code 1927 (section 2678, Code of 1906), the legal rate of interest on accounts is fixed at six per centum per annum. Interest is applied to open accounts as a legal incident after maturity, in

this state, since the adoption of the Code of 1857 (chapter 50).

Prior to 1857, the common law prevailed here, and interest on accounts was a matter of damages, unless specifically contracted for, or by their course of dealing the parties showed it to be their intention that interest should be paid.

In the early days of the common law, the church and the courts condemned the collection of interest as sinful and immoral; and it was condemned by the courts for the further reason that money was nonproductive, naturally barren, and only a medium of exchange. R. C. L., vol. 15, p. 4, section 3.

In the case of Buck v. Little, 24 Miss. 463, there was an action of assumpsit on an inland bill of exchange against the drawer thereof. The bill was not protested, but it was drawn without authority, and the drawer had no right to expect its payment. The jury found a verdict against the defendant for the principal sum and interest. After the rendition of the verdict, the court, under Hutchinson's Code 1798-1848, article 5, page 642, added thereto five per centum damages on the bill of exchange.

The court held, construing said statute, that the five per cent damages was only allowable upon inland bills of exchange which had been protested; that neither the court nor the jury were authorized to impose the five per cent by the express terms of the statute. The court further said: "This was erroneous, even if it were true, as contended for by the counsel for defendant in error, that by virtue of the act of May 11, 1837, Hutch. Code, article 5, page 642, the plaintiff had a right to five per cent damages on the bill of exchange. Yet as the jury had found a verdict for a specific sum of money, it was not competent for the court to render a judgment for any greater amount. . . . In adding to the amount of the verdict, the court was assuming the province of the jury."

So far as our investigation extends, this language is the only authority for appellant's contention from our own court. It will be observed that the case was completely and effectually decided when the court had ascertained that the court below has added to a verdict, which addition, under the law, neither the jury in their verdict could find, nor the court could add.

Counsel for appellant here relies upon the following authorities cited in his brief: Shoup v. Waits et al., 91 Fla. 378, 107 So. 769; Spears v. Wise, 187 Ala. 346, 65 So. 786; Moody v. Galigher, 1 Miss. Dec. 463; 23 Cyc. 799, section 3; and Cary v. Hyer, 91 Fla. 322, 107 So. 684.

In other jurisdictions the authorities are in conflict as to the power of the court, in entering the judgment, to add interest thereto. But the weight of authority holds that it is without dispute that, where a party is entitled to a verdict, he is entitled to interest; when the jury brings in a verdict for the principal sum without mentioning interest, it is a mere matter of computation or mathematical calculation, and the court may correct the verdict by adding the interest thereto, or the court may render a judgment with the addition of the interest, without correcting the verdict. See R. C. L., pp. 888 to 889, section 63; also Marsh v. Kendall, 65 Kan. 48, 68 P. 1070; McAfee v. Dix, 101 App. Div. 69, 91 N. Y. S. 464; Fletcher v. Nelson, 6 N. D. 94, 69 N. W. 53; Clark v. Lude, 63 Hun, 363, 18 N. Y. S. 271; Peetsch v. Quinn, 7 Misc. Rep. 6, 27 N. Y. S. 323; Barber Asphalt-Pav. Co. v. New York Post Graduate Medical School & Hosp. (Sup.), 62 N. Y. S. 392; St. Louis, E. R. & W. R. Co. v. Oliver, 17 Okl. 589, 87 P. 423, 10 Ann. Cas. 748; Fisk v. Holden, 17 Tex. 408; Isbell-Porter Co. v. Braker, 120 App. Div. 384, 105 N. Y. S. 1103.

Of course, in all cases the amendment must be such as to make the judgment conform to the real intent of the jury.

The account sued on in this case consists of three items of material, totaling the amount of the verdict, and another item of labor, seggregated from, but added to, the account for material; so we think it was manifest that the jury intended to allow the amount of the account for material; and it is further manifest that they did not allow the amount of the claim for labor. It is therefore manifest that under the statute which we have quoted the plaintiff was entitled to interest on the amount of his account found to be due him by the jury, at least from the date of demand by filing of suit; there being no issue in the case in regard to the account being due when the suit was brought.

In the case of Thompson & Co. v. Matthews, 56 Miss. 368, Judge CAMPBELL, as the organ of the court, held that, since the legislature had enacted that the legal rate of interest might be allowed in the case upon open account from maturity, interest at the legal rate was a legal incident of the debt. Prior to the enactment of the statute in 1857, interest was not allowable upon open accounts, and, up to that time, seems to have been treated as damages.

The Florida cases cited by appellant seem to be based on the idea that interest is allowed in that state as damages, and not as a matter of right; not as a legal incident to the debt, conferred by the statute, as in our state.

Our own court, in the case of Stone-Lowe Cotton Co. v. Weil Bros., 129 Miss. 60, 91 So. 859, with Judge ETHRIDGE as the organ of the court, aligned itself with the weight of authorities in this country. The court below in that case, amended the verdict to show the amount about which there was no dispute, and also calculated interest thereon from February 3, 1920, which action was upheld by this court.

True it is that the Stone-Lowe Cotton Company Case differs from the case at bar, in that the court gave instructions to the jury to find the amount of interest. But

in a case where interest is a legal incident, and is asked for in the declaration, and the principal sum only is found by the jury, or a separable part of the principal sum, the court's action in adding the interest is upheld, for the reason that, no instructions at all being given, it is manifest that the jury did not consider the question of interest. ·

When a party is entitled to interest, but the instructions of the court were not such as would authorize the jury to award interest, the court may add the interest to the verdict when it is a mere matter of computation. Hurst v. Webster Mfg. Co., 128 Wis. 342, 107 N. W. 666.

Counsel, in his brief, concedes that he is willing to pay the amount of this verdict; and the record shows that the demand was made some years ago by the bringing of this suit. If plaintiff is entitled to recover for the material furnished, there can be no good reason for reversing the finding of the court below, because it added the interest, as a legal incident, to the amount of the verdict of the jury. This court has not here invaded the province of the jury, and does not intend to do so.

Affirmed.