42 So.2d 43

### JACKSON v. CANTRELL.
### 8 Div. 773.

Court of Appeals of Alabama.
Aug. 15, 1949.

H. G. Bailey, of Boaz, for appellant.

H. H. Conway, of Albertville, for appellee.

CARR, Judge.

It appears from the evidence that the plaintiff below sold some cotton seed to the defendant. The former brought this suit for the purchase price of the seed. The defendant in answer to the complaint filed a plea of tender. The issues were thus joined.

In his oral charge the court instructed the jury in part:

"Now, gentlemen, in case you are reasonably satisfied from all the testimony the plaintiff is entitled to recover in this case, then the form of your verdict would be, 'We, the Jury, find the issues in favor of the plaintiff and assess his damages at blank dollars' based on whatever amount you think is correct under the testimony.

"On the other hand, gentlemen, if you are not reasonably satisfied from the testimony that the plaintiff should recover under the testimony and the law as given you by the court, then the form of your verdict would be, 'We, the Jury, find the issues in favor of the defendant.' If you are reasonably satisfied from the testimony that the only amount due was the amount which has been tendered and paid into Court, then the form of your verdict would be, 'We, the Jury, find the issues of tender in favor of the Defendant.'"

The jury responded with the following verdict: "We the jury find the issues in favor of the defendant."

On the basis of this verdict the court entered this judgment:

"It is therefore considered, ordered and adjudged by the Court, that the issues are in favor of the defendant. It is ordered by the Court that the plaintiff recover of the defendant the amount of the Tender to-wit: the sum of $640.64, and costs herein accrued for which execution may issue."

It is convincingly clear that the judgment did not respond to the jury verdict. The nature of the variance is such that it cannot be upheld by reference to the pleadings.

In the case of trial by a jury the judgment must rest or be predicated on the findings of the jury. Otherwise the judgment is invalid and will not support an appeal. Spears v. Wise, et al., 187 Ala. 346, 65 So. 786.

The appeal is ordered dismissed.

Appeal dismissed.

BRICKEN, Presiding Judge, not sitting.