69 So.2d 873

### NORRELL v. DOWNES.

8 Div. 691.

Supreme Court of Alabama.

Jan. 14, 1954.

Scruggs & Scruggs, Guntersville, for appellant.

Marion F. Lusk, Guntersville, for appellee.

SIMPSON, Justice.

This is a suit by appellee under the homicide act against appellant for negligently causing the death of her intestate.

The judgment entry is as follows:

"On this the 9th day of September, 1952 comes the parties by their attorneys, and the issues being joined comes a jury of good and lawful men to-wit: Tom Franklin, foreman, and eleven others who having been heretofore drawn, empaneled and sworn and charged according to the law on their oaths do say, 'We, the jury, find for the plaintiff and against the defendant Alvin Norrell.' 'We the jury, find for the defendants Brice M. Bains, Jr., Harvey Norrell, Alton Norrell and Lloyd M. Norrell.'

"It is therefore considered and ordered the Court in keeping with the verdict of the jury, that the issues are in favor of the plaintiff and against the defendant Alvin Norrell. And that the plaintiff have judgment against the defendant Alvin Norrell for $2,-500.00 and costs and it is further ordered by the court that the defendant Lloyd M. Norrell, Harvey Norrell,

182

Brice M. Bains, Jr., Alton Norrell be dicharged [sic] and cost taxed to plaintiff."

The foregoing is the only reference in the entire record to the verdict of the jury, See Hopkins v. Duggar, 204 Ala. 626, 87 So. 103, and is entirely inadequate to support the judgment. From the state of the record it appears the jury did not ascertain the amount of damages to which the appellee was entitled, but merely found the issues in favor of the appellee and against the appellant. The judgment, therefore, does not respond to the verdict of the jury in rendering judgment for the plaintiff against the defendant in the amount of $2,500 and costs. "In the case of trial by a jury the judgment must rest or be predicated on the findings of the jury. Otherwise the judgment is invalid and will not support an appeal." Jackson v. Cantrell, 34 Ala.App. 587, 42 So.2d 43, 44; Spears v. Wise, 187 Ala. 346, 65 So. 786. The appeal therefore must be and is ordered dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and GOODWYN and CLAYTON, JJ., concur.