266 So.2d 891

**Charles B. JACKSON**

v.

**Edward LOWE.**

**6 Div. 68.**

Court of Civil Appeals of Alabama.

Jan. 12, 1972.

Fred Blanton, Birmingham, for appellant.

Jack Martin Bains, Oneonta, for appellee.

BRADLEY, Judge.

The appeal here is from a judgment in the amount of $8,000.00 rendered after jury trial against the defendant, Jackson, appellant here.

The plaintiff, Lowe, appellee here, had filed a three count complaint against appellant in the Circuit Court of Blount County. Count One of the complaint sought $1,850 due by account; Counts Two and Three sought $9,000 plus punitive damages for fraud by misrepresentation and deceit in the sale of a 1965 Chevrolet automobile. There was a demurrer and plea in short, etc.; then a jury trial which ended in a verdict for appellee. The motion for new trial and the amended motion for new trial was overruled. Thereupon an appeal was taken to this court.

The record of the proceedings had below which is now on file in this court shows a purported amendment to the minute entry so as to reflect a change in the wording of the jury verdict.

The original minute entry reflected a jury verdict as follows:

"We, the jury, find in favor of the plaintiff and against the defendant."

The so-called amended minute entry expresses the jury verdict in this fashion:

"We, the jury, find the issues in this case in favor of the plaintiff and against the defendant and assess plaintiff's damages at $8,000."

Appellant has moved this court to strike the purported amendment to the minute entry.

The evidence in the case tended to reveal the following facts, notwithstanding the absence of a "Statement of Facts" in appellant's brief:

In December 1965 appellee, in the company of Charles Eakes, went to appellant's place of business in Blount County. While there he agreed to buy, and did buy, a 1965 Chevrolet Impala. The price of the car was $1,850, with $1,200 of the purchase price being borrowed from the Citizens

Bank of Oneonta. Pursuant to instructions from Eakes, purportedly a salesman for appellant, and appellant, appellee obtained a cashier's check made payable to Palmer Dale Motors.

The cashier's check plus $650 in cash was given by appellee to appellant at appellant's place of business.

The evidence also showed that the cashier's check was presented to the State National Bank of Oneonta by appellant and he requested the bank to give him $600 in cash and to place the balance in an account owned jointly by him and his wife.

Several months after the purchase, appellee was informed that the vehicle he had purchased was a stolen vehicle. Subsequently, the car was taken from appellee by a detinue action. Appellee was also sued by the Citizens Bank for failure to repay the $1,200 borrowed to pay for the car. His credit there was destroyed.

Appellee stated that upon learning that the vehicle was stolen, he went to appellant and asked for the return of his money. His request was denied. Then there was a second request and another denial.

Appellant denied that he had sold the car in question to appellee, denied that Eakes had worked for him, and denied that appellee had asked for the return of his money.

Before considering the assignments of error, it is necessary to dispose of the motion to strike the amendment to the minute entry.

The record containing the jury verdict which reads: "We, the jury, find in favor of the plaintiff and against the defendant," was filed in this court on September 20, 1971.

An "Amendment to Transcript of Record" was filed in this court on September 30, 1971. This purported amendment allegedly corrects the jury verdict to read: "We, the jury, find the issues in this case in favor of the Plaintiff and against the Defendant and assess Plaintiff's damages at $8,000."

There was no petition for Writ of Certiorari to correct the record filed in this court, and for aught appearing, the clerk of the trial court gratuitously filed an amendment to the original minute entry.

Appellant says this is not the proper way to correct the record on appeal and cites us to Rule 18, Supreme Court Rules, and Liberty National Life Ins. Co. v. Patterson, 278 Ala. 43, 175 So.2d 737.

Rule 18 provides:

"A certiorari to perfect or bring up a complete record may be awarded, on motion of either party, at any time before the submission of the cause, if its object be to sustain a judgment, without a showing; but to reverse a judgment, a sufficient showing must be made."

The amendment was, no doubt, for the purpose of correcting the jury verdict so that it would support the judgment entered in pursuance thereof; hence no showing, under these circumstances, would be required.

In the *Patterson* case, supra, we find the following:

"If the transcript, certified by the clerk as being a true and correct copy of the proceedings, is incorrect, or omits something, the remedy is to ask for a writ of certiorari to complete it. [Citations omitted.] *This is the only method by which this court can secure a properly certified and authenticated transcript.*" (Emphasis added.)

■ No petition requesting the issuance of a Writ of Certiorari to correct the record having been filed in this court, the purported "Amendment to the Record" is not before us and cannot be considered. Consequently, the motion to strike the amendment must be granted.

Appellant says that the judgment entered by the trial court awarding damages in the amount of $8,000 to appellee is not supported by the verdict.

■ The verdict of the jury does not award any damages, it merely decides the

issues in favor of appellee and against appellant.

In the case of Norrell v. Downes, 260 Ala. 181, 69 So.2d 873, the judgment entry gave the plaintiff $2,500 on the following verdict: "We, the jury, find for the plaintiff and against the defendant, Alvin Norrell." The Supreme Court had this to say:

"The foregoing is the only reference in the entire record to the verdict of the jury . . . and is entirely inadequate to support the judgment. From the state of the record it appears the jury did not ascertain the amount of damages to which the appellee was entitled, but merely found the issues in favor of the appellee and against the appellant. The judgment, therefore, does not respond to the verdict of the jury in rendering judgment for the plaintiff and against the defendant in the amount of $2,500 and costs. 'In the case of trial by a jury the judgment must rest or be predicated on the findings of the jury. Otherwise the judgment is invalid and will not support an appeal.' [Citations omitted.]"

In the present case the record reflects that the jury failed to assess damages against appellant; hence the judgment awarding $8,000 in damages to appellee is unsupported by the verdict. Consequently the judgment is invalid.

On cross-examination, appellant, who had taken the stand in his own behalf, was asked if he had been indicted by the Grand Jury of Blount County for any offense. There was objection, but it was overruled.

Appellant says this evidence was inadmissible as an effort to impair his credibility as a witness.

■ A party in a civil case who takes the stand in his own behalf may be impeached by showing that he has been convicted of a crime involving moral turpitude. Parker v. Newman, 200 Ala. 103, 75 So. 479. Questions asked of a witness for impeachment purposes by showing an indictment rather than a conviction of a crime involving moral turpitude are improper. Campbell v. State, 182 Ala. 18, 62 So. 57.

■ The question asked of appellant was improper and attempted to elicit prejudicial testimony. The trial court erred by overruling the objection thereto.

Appellant took exception to a portion of the trial court's oral charge to the jury and the exception was overruled. The contention here is that the trial court erred in such ruling.

The trial court, during the course of its oral charge, instructed the jury about the various elements of the damages it was to consider in arriving at its verdict, and the appellant objected to this portion of the oral charge in the following fashion:

"Yes sir, I want to object to that part of the Judge's charge, with regard to the elements of damages. I don't think that his charge was a proper charge as the elements of damages. . . ."

■ It is well settled in this State that an exceptor to the oral charge must select and recite what the court said or the substance thereof, so that it can be brought to the attention of the trial court and then to this court of just what the exceptor is contending is wrong with the charge. Foster v. Kwik Chek Super Markets, Inc., 284 Ala. 348, 224 So.2d 895; Jones v. Americar, Inc., 283 Ala. 638, 219 So.2d 893; and Mixon v. Whitman, 279 Ala. 249, 184 So.2d 332.

■ The exception to the oral charge in the present case was general and not specific; it did not point out to the trial court wherein the charge was erroneous. All the exceptor said was that he disagreed with the court's charge on the elements of damages. No attempt was made to point out wherein the court had erred in its instructions relative to the damages.

Under these conditions we do not consider the exception to the trial court's oral charge to be properly before us for consideration.

■ Appellant predicates error on the following ruling of the trial court on a question asked of a witness for appellee, a State investigator:

"Q. Were you able to trace where any or all of the cars originated from or the people in Blount County where they bought them, were you able to trace that?

"A. Yes, sir.

"Q. Can you tell this jury who they bought these other stolen cars from?

"A. A couple of these cars—the best I remember

"MR. ROBINSON: We object, To whatever he is fixing to say as it does not have any relevancy to this case.

"THE COURT: Overruled.

"MR. ROBINSON: We except.

"A. There was a total of seven cars that came out of Louisville, Kentucky and some of the buyers stated that they bought them from C. B. Jackson.

"MR. ROBINSON: We object, your Honor, that is heresay (sic).

"THE COURT: Sustained.

"MR. ROBINSON: We move to exclude that and I wish you would instruct the jury.

"THE COURT: Sustained as to what some of the buyers said."

The appellant first objected to the question on the ground that he knew what the witness was going to say and it was irrelevant to the case; then he objected that it was hearsay.

The trial court overruled the first objection and sustained the last objection.

Appellant argues that testimony elicited by the question would have no relevancy on the issues in the case.

Appellee replies by saying that the evidence sought to be obtained by the question objected to would have shown other instances of sales of stolen vehicles about the time the stolen vehicle was sold to appellee. Such evidence, says appellee, would support his contention that appellant had fraudulently deceived him by selling him a stolen car.

In McElroy's Law of Evidence of Alabama, Vol. I, at p. 198, we find the following:

"On an issue whether a party did a fraudulent act, e. g., made a false representation, proof may be made that such party committed similar fraudulent acts against other persons about the same time which appear to be in keeping with a common plan or scheme to defraud. . . ."

The Supreme Court in Roan v. Smith, 272 Ala. 538, 133 So.2d 224, also said:

"The evidence in question now before this court concerns previous fraudulent transactions by one of appellants in the operation of his business which were almost identical as the conduct of appellants in the instant controversy. In such a situation, evidence of such other fraudulent transactions or deceit by defendant is admissible to show fraud, motive, scheme, or intent."

We think the question was proper for the purpose of showing a scheme, intent or plan to defraud.

■ Another witness for the appellee was asked the following question:

"Q. Will you tell this jury what happened to those cars that you bought from

Mr. Jackson?

"MR. ROBINSON: Judge, I am going to object because this is just done for one reason and one reason only, that is to prejudice this jury's mind against this man here and it is improper.

"MR. BAINS: This man can tell what cars he bought from him.

"THE COURT: Overruled.

"MR. ROBINSON: We except, and move to exclude.

"Q. Go ahead and answer.

"A. The F.B.I. picked mine up."

Appellant says the question was improper because the appellee was not connected with the transaction that took place between appellant and the witness.

But, again, we think it clear that the appellee was attempting to show a fraudulent scheme on the part of the appellant by showing that others had had a similar experience with the appellant. No error here.

For the errors heretofore discussed, this case is reversed and remanded.

Reversed and remanded.