## HICKS *v*. CORSO & CEFALU.

### [95 South. 636.    No. 22955.]

DAMAGES.  *Eight hundred dollars for permanent injuries and nervous shock held inadequate.*

> Where a young lady was injured in a collision between a truck and a car, occasioned by the negligence of the driver of the truck, and the injuries are permanent and will always be more or less painful on account of severance of nerves and scar tissue, and where there was nervous shock, pain, and suffering, and where she was compelled to spend four hundred dollars for medical treatment and hospital bills, a verdict for eight hundred dollars is inadequate and will be set aside, and a new trial awarded as to the amount of the damages.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by Ivy Hicks against Corso & Cefalu. From the judgment rendered, the plaintiff appeals. Reversed and remanded.

*Mize & Mize* for appellant.

Appellant is entitled to damages in such an amount as is fair, reasonable and just, under the evidence, to compensate her for her injuries. One of the elements of damage is the amount of her bill for doctors' services, nurses' fees, hospital fee, proximately caused by her injuries. This, as shown by her testimony, is at least four hundred dollars. The other elements are the amount of physical pain and mental suffering she had already suffered from her injuries and her future pain anad suffering from said injuries and any permanent injury sustained.

That she suffered greatly from said injuries cannot be denied. See her testimony and that of Dr. Parker and Dr.

Gay, as indicated by the record pages hereinbefore given. She is a young lady, and was badly scarred and disfigured and permanently injured. After the deduction of the four hundred dollars she paid out for doctors' bills, nurses' and hospital fees, she has only four hundred dollars left to compensate her for her severe physical and mental suffering and permanent injury and the suffering she will undergo in the future. We say that this verdict is indeed grossly inadequate. One who knew this young lady before this accident would scarcely recognize her at the time of the trial because of her changed appearance due to her injuries.

We therefore submit, that, from the foregoing, the verdict was grossly inadequate and therefore that the court erred in not granting her a new trial on the question of damages only.

*George S. Dodds,* for appellee.

It has been the uniform jurisprudence of this court in actions sounding in damages not to disturb the verdict of the jury on the grounds alone of excessive or inadequate damages, unless it appears from the evidence that the verdict is so excessive or inadequate as to show that such finding of the jury was plainly produced by prejudice, or passion, or corrupt motives.

The court's attention is called especially to *Hassie* v. *Railway,* 79 Miss. 581; *Miss. Cent. R. R. Co.* v. *Caruth,* 51 Miss. 77. Also *Scott* v. *Yazoo & M. V. R. Co.,* 103 Miss. 522; *Whitehead* v. *Newton Oil & Mfg. Co.,* 105 Miss. 711; *Murphy* v. *Cleveland,* 106 Miss. 269.

The last three cases above cited were reversed by this court on the ground of inadequate damages but the testimony in these cases showed that greater and much more serious injuries were sustained than were suffered by the appellant in this cause.

ETHRIDGE, J., delivered the opinion of the court.

The appellant sued the appellee for personal injuries resulting from the truck of appellee striking the car in which the appellant was riding on a public highway.    There was a verdict for the plaintiff for eight hundred dollars, from which she appeals.

The plaintiff was injured by broken glass violently thrown from the windows and shields of the car in which she was riding, caused by the impact of the truck striking the car.    Plaintiff was riding in the car but did not own it or control it, and there was a contest in the court below as to whether the defendant caused the injuries through their negligence, or whether it was the result of the negligence of Governor Russell, the driver of the car at the time of the collision.    The jury settled this issue in favor of the plaintiff and against the defendants.    There were eleven cuts on plaintiff's body from the glass, and the attending physicians testified that it took them two hours to do the necessary work to adjust and sew up these wounds so caused.    They testified that the injuries are permanent, and in all probability will result in the plaintiff's suffering some pain always.    Some of the nerves had to be cut, and on account of the scar tissue in the wounds will always cause irritation and pain.    The plaintiff testified that she suffers from some pain; that the scar on her neck and the scar on her ear pain her more than the others; that her ear hurts and she can hardly sleep on that side of her head; that the top of her knuckle was cut and that the knuckle on this finger is enlarged and this finger gives way, the plaintiff being a stenographer and typist; that the back of her neck is numb, and that there was a horseshoe cut in the top of her head and in her forehead the nerves were cut.    She also testified that she was in the hospital for twelve days, and that she paid four hundred dollars for hospital expenses, doctors, and nurses.

At the time of the injury, the plaintiff was the private secretary to the Governor of Mississippi and continued to

draw her salary, though she was unable to do her work for some time after her injuries and after recovering suffi-, ciently to go to her office, was put on light work for a time until her wounds healed. The plaintiff is a young lady, and the testimony shows that her face, head, and neck were cut, and she suffered considerable nervous shock, that her injuries are permanent and that she will continue to suffer more or less pain on account of the injuries to her nerves and the scar tissues.

The testimony for the plaintiff shows that the truck was traveling at a high rate of speed, and that the car which was struck had been driven out of the traveled part of the highway on account of some cattle coming down the highway, and that the truck struck the car by swerving from the highway, evidently trying to avoid a collision with the cattle, the driver appearing to be under excitement at the time.

Taking the character of the injuries and all the circumstances into consideration, we think that the amount of the damages was inadequate, and the judgment will be reversed, and the cause remanded, to be tried on the amount of damages only, the judgment as to liability being undisturbed.

*Reversed and remanded.*