RUFFIN *v.* J. & M. SCHWABACHER, LIMITED.

(Division B. Feb. 3, 1930.)

[126 So. 14. No. 28335.]

**H. D. Young**, of New Augusta, and **Stevens & Heidelberg**, of Hattiesburg, for appellant.

328

**C. C. Smith**, of Richton, for appellee.

**Griffith, J.**, delivered the opinion of the court.

It may be conceded, although not here decided, that the account sued on was not properly itemized and that the evidence in support thereof introduced by appellee was improperly admitted; nevertheless the assignment of error addressed to that point is not well taken, for the reason that appellant later in the trial took the witness stand and, testifying in his own behalf, admitted the correctness of the account sued on, as a fair construction of his testimony will disclose. The effect of his testimony was that he admitted the account sued on and the correctness of the amount thereof, but denied that he owed the same or any part thereof, because as he testified he was entitled to a credit of an item not credited, and which credit if given would more than discharge the amount claimed against him. The admission of incompetent evidence is not available as error on appeal when appellant on his own behalf introduces evidence which admits, confesses, or otherwise sufficiently establishes the facts sought to be shown by the said incompetent evidence. See the numerous authorities grouped in 4 C. J., at pages 969-979.

The jury returned the following verdict: ''We the jury find for the plaintiff.'' The court entered judgment on this verdict for the amount sued for by appellee, and the second assignment of error is to the effect that the

court could not lawfully enter judgment for any amount when no amount had been fixed by the jury. It is apparently true that under the early cases in this country the rule was maintained as a rigid requirement that no judgment could be entered for the plaintiff on a verdict silent as to amount. But with the gradual 'disappearance of unreasonable technicality in appellate adjudication, the rule is now the more generally recognized as not essentially requiring the formality of the insertion of the amount in the verdict where the sole substantial issue is whether the plaintiff or the defendant is to prevail in the case. This modern view of the rule has been adopted in this state in Stone-Lowe Cotton Co. v. Weil Bros., 129 Miss. 60, 91 So. 859. See, also, Collins v. Carter (Miss.), 125 So. 89. In this case, as already mentioned appellant did not deny, but admitted, the correctness of the account sued on and the amount thereof. His defense, and his only defense, was that a definite credit of more than' enough to balance the account was due him; this credit being claimed as a commission on cigar sales. Appellee replied' to this claim that by a separate and independent transaction there had been a complete accord and satisfaction of that cigar commission account. Appellant wholly denied the asserted accord and satisfaction, and this issue of fact was the sole substantial issue before the jury; so that if the jury took the view that there was an accord and satisfaction of the cigar commission account, then as a clear matter of right under the whole testimony the judgment would be for plaintiff for the, amount sued for, and for nothing less. On the other hand, if they accepted the contention of appellant that there had! been no accord and satisfaction on that commission feature, then appellee was entitled to nothing, and no verdict for any amount could have been rightfully returned for plaintiff. There was no middle ground. No issue was directed towards any middle ground; no theory of the case contemplated any intermediate result, and there is in the testimony no portions which, even if detached and sepa-

rately considered on such an intermediate issue, would be substantially sufficient to support it, unless arbitrariness or conjecture were permissible to a jury—which, of course, is not. When there is substantial testimony in the record which supports the finding of the jury, it will be presumed that the verdict was based on that testimony with the consequences implied by that theory—not on other testimony or some suppositional phase thereof which would be wholly insufficient. The court was therefore within the law and the right in entering judgment.

Affirmed.