## BARR *v.* GULF, M. & N. R. Co.

(Division B. Jan. 22, 1934.)

[152 So. 294. No. 30792.]

**Paine & Paine,** of Aberdeen, and **C. H. McCraine, Jr.,** of Houston, for appellant.

**B. N. Knox**, of New Albany, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Miss Johnnie O. Barr, a minor seventeen years of age at the time of the injury, brought suit against the Gulf, Mobile & Northern Railroad Company for personal injuries inflicted upon her by a collision between an automobile, in which she was riding, and a freight box car, which collision occurred about nine o'clock. The complainant was a guest in the car of one George Carter, in company with Carter, her uncle, and her young sister, and they were proceeding along a highway which crossed the Gulf, Mobile & Northern Railroad Company's tracks, and in the collision the complainant was seriously and permanently injured, having her nose broken, her head and shoulders and knees injured, the injury to one knee resulting in permanently crippling the complainant.

The evidence was conflicting as to how the accident took place, and whether the railroad company gave proper signals in approaching said crossing.

There was an original verdict for the complainant in the sum of three thousand five hundred dollars. A motion for a new trial was filed and granted, and on the second trial, there was a verdict for only two hundred dollars.

The complainant made a motion to have the court set aside the verdict as to damages, but to let it stand as to liability, which motion the court overruled and entered judgment for two hundred dollars, from which the complainant appeals, and assigns as error that the court erred in not setting aside the verdict as to the amount and leaving it in force as to liability.

The defendant railroad company has not appealed from this judgment, nor cross-assigned errors.

After a careful consideration of the evidence, we think the verdict was totally inadequate to compensate the complainant for her injuries.

The judgment will, therefore, be affirmed as to liability, but reversed as to the amount of damages, and remanded for trial as to damages alone.

Affirmed in part, and reversed in part.