CARROLL COUNTY *v.* SHOOK.

Jan. 19, 1953

No. 38595 16 Adv. S. 13 62 So. 2d 311

*Maurice R. Black,* for appellant.

234

 

*J. W. Conger* and *Bell & McBee,* for appellee and cross-appellant.

ETHRIDGE, J.

This is an action by S. T. Shook, administrator of the estate of W. R. Shook, deceased, for the recovery of $2,583.20 for labor and a few small parts for machinery done in repairing heavy road machinery belonging to District or Beat No. Five of Carroll County, Mississippi. The deceased, W. R. Shook, was an expert mechanic and welder, and operated a garage and welding shop in the Town of Vaiden, in Beat Five of Carroll County. Marion Ely was a member of the Board of Supervisors of Carroll County, representing Beat Five. This district owned road machinery and other heavy equipment for the repair of the roads of the district, and from January through August, 1947, the district, acting by its member of the board of supervisors, Marion Ely, caused the machinery to be taken for repairs to the shop of W. R. Shook, or directed Shook to pick it up and take it there. All of this equipment was in use by the county and district in constructing, reconstructing, and maintaining the public roads of the district.

W. R. Shook died on August 17, 1947, and in September, 1947, itemized accounts of the claim of W. R. Shook against the county were filed with the board of supervisors. In February, 1948, the board disallowed the en-

tire claim of W. R. Shook's estate, totaling $2,583.20. That order recited that "the board finds that said account is not in proper order, believing it to be to the best interest of the said county that said account be finally rejected." This action was filed against the county by S. T. Shook, administrator of the estate of W. R. Shook, deceased, in October, 1948, and an amended declaration was filed in September, 1949. A demurrer of the county was sustained to the amended declaration, and on appeal to this court from that order, it was held that this was error, and the case was reversed and remanded. Shook v. Carroll County, 210 Miss. 537, 49 So. 2d 897 (1951). The demurrer had been sustained upon the erroneous theory that the claims presented to and rejected by the board were for supplies for public works, which under the Code of 1942, Sec. 9027, must be purchased upon competitive bids. It was there held that the work done and supplies furnished by W. R. Shook were performed under the provisions of Code of 1942, Sec. 2939, which provides:

"The board of supervisors of any county which owns any tractor, truck, or other road machinery or equipment, or any district of which owns any such machinery or equipment, may at any time have the same repaired, or purchase necessary repair parts therefor, where it is necessary to use said machinery or equipment in constructing, reconstructing, or maintaining the public roads, whether or not there is then a sufficient amount in the fund out of which the cost thereof must be paid to pay the same; but the claim for such repairs or repair parts shall be allowed in due course when filed, and be paid in its proper order as other claims."

This statute was amended in 1950, Miss. Laws 1950, Chap. 246, Sec. 2, but the quoted statute was in existence in 1947. It was further held that Sec. 2939 was enacted in order to obviate the delay in requiring the board to give three weeks notice to repairmen of an intention to

have road machinery repaired and to file plans and specifications for the work, under Sec. 2917; that Sec. 2939 was intended to authorize the county or the district to have the machinery repaired "at any time" in order that the maintenance of the roads and purchase of necessary parts could go on without unnecessary delay; that a contract with the repairman could not have intelligently been made and entered on the minutes of the board of supervisors for the doing of the work involved, which necessitated undeterminable repairs, until the mechanic had dismantled the road machinery. Hence the plaintiff was entitled to a trial on the merits.

Upon remand and in November, 1951, there was a trial on the merits. Plaintiff's evidence is undisputed that the charges were reasonable and that the work on the road machinery and the few parts furnished were necessary for this equipment. The sworn account attached to the declaration was properly proved. It consisted of a series of monthly summaries, January through August, 1947, of the work done by Shook's Repair Shop, by Shook and two helpers, at $3.00 per hour. This was set forth on a form required by the Board of Supervisors. Attached to it was an itemized statement of the number of hours of work on the equipment for each day in each month, with a summary for each month. This detailed statement was in W. R. Shook's own handwriting except that for August, after his death, but the latter is based upon Shook's personally kept business records. At the end of the accounts and bills submitted to the county is a receipt for these services signed by Marion Ely, the Supervisor from Beat Five, in these terms: "The items listed on this invoice have been received by me. Marion Ely."

The jury returned a verdict and judgment was entered for $1,291.60, one-half of the entire account. From that judgment the county took a direct appeal, and the administrator of the estate a cross-appeal.

The accounts were properly and amply itemized, in compliance with Code of 1942, Secs. 2932 and 1469. The record is undisputed that W. R. Shook personally worked on the machinery, and kept his own records. He had three helpers in his shop, but used only two of them with him in the work. ██ █ The omission of the identity of the two helpers on the sworn account does not invalidate it under these circumstances.

 Appellant county further argues as an affirmative defense that at the time the account was filed with the board in September, 1947, the board, for Beat Five road purposes, had already exceeded its income for the fiscal year 1946-1947, and also the budget estimate of expenditures; and that for that reason, if the board had approved the claim, it would have been allowed in violation of the County Budget Law of 1922, Code Secs. 9118-9125. However, assuming but not deciding that the 1922 County Budget Act had this effect in a proper case, the county did not meet its burden of proof necessary to sustain this affirmative defense. The county's contractual obligations to Shook arose at the times the work was done, not when the claim was filed in September, 1947. The county did not show that at the respective times these particular obligations were incurred the county had exceeded its budget. This was an affirmative defense, and the record does not support its assertion.

 The evidence is undisputed that the repairs were necessary and that the charges for them were reasonable. Hence the circuit court should have given cross-appellant, plaintiff below, his requested peremptory instruction No. 6, and under this state of the record, the jury would have been justified in reaching no conclusion other than that the county owed plaintiff the entire amount of his claim, $2,583.20. For that reason the case must be affirmed on the county's direct appeal, and on cross-appeal of the administrator affirmed in part and re-

versed in part, and judgment rendered here for cross-appellant, S. T. Shook, administrator, for the sum of $2,583.20.

Affirmed on direct appeal, and on cross-appeal, affirmed in part and reversed in part, and judgment rendered here for cross-appellant for the sum of $2,583.20.

*McGehee, C. J.,* and *Roberds, Hall, Kyle, Holmes, Arrington,* and *Lotterhos, JJ.,* concur.