VAUGHAN *v.* BOLLIS, et al.

June 14, 1954

No. 39256          67 Adv. S. 135          73 So. 2d 160

*Jack B. Carlisle,* Ackerman; *Strong & Smith,* Louisville; *Crawley & Brooks,* Kosciusko, for appellant and cross-appellee.

*Livingston & Fair,* Louisville, for appellee and cross-appellant, *C. F. Bollis.*

*W. D. Gary,* Eupora, for appellee, Mrs. Juanita Ballard.

GILLESPIE, J.

Arvell Vaughan, the appellant, sued appellees, Mrs. Jaunita Ballard and C. F. Bollis, for personal injuries sustained when he was struck by Mrs. Ballard's automobile. The jury returned a verdict for $300. The direct appeal by Vaughan presents the question of the inadequacy of the verdict; the cross-appeal by Bollis presents the question whether he was entitled to a directed verdict.

We state the facts on the question of liability most favorably to the appellant, for whom the jury found. Highway 15 runs north and south. The Blythe Creek road intersects the highway from the west but does not extend east of Highway 15. South from the intersection there is a bridge about 250 feet, and the crest of a hill about 300 yards. Appellant was standing on the east side of Highway 15 opposite the entrance to the Blythe Creek road waiting to ride on a northbound truck. Bollis approached on the Blythe Creek road from the west and entered the highway without stopping at a stop sign which was located on the right side of the Blythe Creek road where it entered Highway 15. As Bollis turned into the intersection so as to go north, he signalled appellant to ride with him. His car came close to where appellant was standing on the shoulder of the highway. Appellant gave a signal to Bollis that he did not wish to ride. As appellant had his arm up giving the signal to Bollis, and when the Bollis car was about one car length from him, he heard a squeaking noise; he looked south, saw Mrs. Ballard's car and was struck by it. Appellant was standing off the paved part of the highway on the shoulder when hit.

Mrs. Ballard's version of the facts is that she approached the intersection described, and while driving north on Highway 15, a Chevrolet car dashed out of the Blythe Creek road in front of her. Just before she reached a point opposite where appellant was standing on the shoulder of the highway, appellant stepped into the paved part of the highway in front of her car and she struck him. She testified she applied her brakes and would not have struck appellant if he had not stepped out in front of her. She also testified that she might have been able to miss appellant if the other car had not been there, and that the other car was close to her as it dashed out in front of her. She did not know who drove the other car. Further discussion of Mrs. Ballard's version of the facts will be stated hereinafter.

Bollis' version of the facts is that his was not the car referred to by Mrs. Ballard; that his Chevrolet car was muddy and Mrs. Ballard testified that the car that dashed out in front of her was "shiney." Bollis confirms all of the facts testified to by appellant except that he claimed to have stopped before entering Highway 15. He also testified that he knew of no accident and did not hear about appellant being struck until later in the day. He confirmed appellant's testimony in reference to the signals exchanged between them.

The proof is undisputed that appellant was waiting on the east side of Highway 15 to catch a ride on a northbound truck. Two witnesses who arrived immediately after the accident testified that appellant was lying six or eight feet east of the paved portion of Highway 15 and that tracks showed that Mrs. Ballard's car left the pavement a car length before reaching the place where it appeared appellant was struck. They testified that signs showed where appellant's knees and feet struck the ground on the east shoulder of the highway.

Appellant's injuries were described by his physician. A portion of his scalp about three inches in diameter was torn from his skull and his skull was exposed. The

small bone in his leg was fractured requiring it to be placed in a cast for six weeks. He sustained multiple abrasions of the face, body, knee and chest. One rib was broken. He sustained a concussion and contusion of the brain. The injuries resulted in severe pain and suffering. Subjective symptoms indicated a ruptured disk in his spine. The appellant returned to light work after ninety days. His physician testified that he had some permanent injuries. Appellant and his wife testified that he was still suffering from the injuries at the time of the trial. His hospital and medical bills were about $265, and he lost three month's time from work. He earned $6.00 per day as a sawmill worker.

Neither of the appellees requested an instruction on contributory negligence. Appellant asked for and was granted two instructions to the effect that contributory negligence would not bar recovery.

It is at once apparent that the sum of $300 is inadequate to compensate appellant for the serious injuries sustained by him. Under Code Section 1454, the jury is required to diminish damages in proportion to the amount of negligence attributable to the person injured. Code Section 1455 provides that all questions of negligence and contributory negligence shall be for the jury to determine.

It is for the jury to decide whether it will diminish the damages in proportion to the amount of negligence attributable to the plaintiff when under all the testimony and circumstances thereby shown, a part of the negligence contributing to plaintiff's injuries was attributable to his own negligence, even if no instruction to this effect is requested by either party. Pounders v. Day, 151 Miss. 436, 118 So. 298; Gilliam v. Sykes, et al., 216 Miss. 54, 61 So. 2d 672; Chapman v. Powers, 150 Miss. 687, 116 So. 609; Catchot v. City of Ocean Springs, et al., 67 So. 2d 444.

The verdict of the jury will not be disturbed on appeal when a mere preponderance of the evidence is

against it, but will be set aside when it is palpably against the weight of the evidence. Flournoy v. Brown, 200 Miss. 171, 26 So. 2d 351.

The question is whether under all of the testimony and the circumstances thereby shown, the jury was warranted in finding that appellant stepped from the shoulder of the road onto the pavement in front of Mrs. Ballard's car. On no other basis could the manifestly inadequate verdict be allowed to stand. On the other hand, if the jury was warranted in so finding, it was justified in diminishing the damages because of such contributory negligence. It is undisputed that appellee was waiting for a northbound truck which would require him to be on the east side of the road where he said he was when hit. The truck appellee was to ride had not appeared. The only testimony that appellant stepped in front of Mrs. Ballard's car was Mrs. Ballard's own statement. She testified that she was excited by the car dashing out from the Blythe Creek road in front of her. She admitted she was too excited to blow the horn or did not think to do so. She testified at one point that she would not have hit appellant if he had not stepped in front of her in the road; but she admitted telling the first persons who arrived on the scene that the car pulling out in front of her caused her to hit appellant. Two witnesses testified that appellant was unconscious and was lying further than the width of a car east of the pavement and between the point where Mrs. Ballard's car left the pavement and the place where it stopped, as indicated by tracks of the Ballard car. If appellant stepped in front of Mrs. Ballard's car, he would have done so at a time when Bollis' car was immediately to his right as it turned north in the intersection with the Ballard car immediately to his left coming from the south. We have carefully considered all of the testimony and circumstances thereby shown and it appears to us incredible that appellant stepped in front of the Ballard car.

On direct appeal, we hold that the verdict is grossly inadequate. We further hold that the jury was not warranted in applying the comparative negligence statute in determining the amount of damages, based on Mrs. Ballard's statement that appellant stepped into the highway in front of her car, such finding being against the overwhelming weight of the evidence. We are of the opinion that under the facts an injustice has been done the appellant, warranting a reversal of this case so that another jury may pass upon the question of damages.

Appellant moved for a new trial on the sole question of the inadequacy of the verdict. The learned trial judge took this motion under advisement and prepared an able opinion, in which he said: "This court could not set aside the entire verdict under Rule 23, Rules of the Circuit Court, 215 Miss. 615, but only grant a new trial as to damages. This would, in this case, be unfair since the jury was bound to pass upon the comparative negligence of all parties, and a new jury would be instructed to find for the plaintiff and fix his damages, which would in effect require the jury to fix only the damages suffered by the plaintiff against the defendants. . . ." See also Rule 13, Rules of the Supreme Court.

We hold that upon a retrial of this case, all of the facts should be presented to the jury on the question of negligence of all parties, including appellant, and the jury will have the right to apportion damages under the comparative negligence statute.

We now consider the cross-appeal of Bollis. Appellant testified that the Bollis car was a car length from him when the Ballard car hit him; and that Bollis entered the intersection without observing the stop sign. Mrs. Ballard testified that the car that dashed out of the side road was just in front of her when she got to the intersection. The jury was justified in finding that Bollis negligently entered the intersection without observing the stop sign and at a time when the Ballard

car was so close as to create a traffic hazard, and that such negligence proximately contributed to the accident. The jury, under the circumstances, was justified in believing, as a reasonable inference, that Mrs. Ballard left the highway and struck appellant to avoid striking the Bollis car. Such finding would not be entirely in conflict with Bollis' own testimony. It is probable that Bollis would not have seen appellant struck even though his car had just turned north in the intersection as testified by appellant.

Affirmed on both direct and cross-appeal as to liability; reversed and remanded for trial on issue of damages only.

*McGehee, C. J.*, and *Hall, Lee* and *Ethridge, JJ.*, concur.