CITY OF BILOXI *v.* ARMISTEAD

No. 39855          January 9, 1956          84 So. 2d 431

*Albert Sidney Johnston, Jr.,* Biloxi, for appellant.

*Morse & Morse,* Gulfport; *Rushing & Guice,* Biloxi, for appellee.

McGehee, C. J.

The appellee, Rebecca Armistead, recovered a judgment for $5,839 as damages against the appellant, City of Biloxi, because of a serious personal injury sustained by her while she was walking on or near the edge of the shoulder of Lee Street in the City of Biloxi and was struck by an automobile, the driver of which was unknown.

The theory upon which she claimed that the appellant was liable for the accident was the fact that there were holes washed out or worn into the hard-surfaced street, which allegedly caused the automobile to be thrown against and to run over her when it struck one of such holes.

The witnesses both for the plaintiff and defendant testified about the bad condition of the street by reason of the holes in the hard surface thereof. The witnesses for the plaintiff and for the City only disagreed as to the size of the holes in the pavement. The only question presented here for decision is whether or not the street was in such bad condition, due to the failure of the City to exercise the proper care to keep the same in reasonable repair, as to constitute the proximate or contributing cause of the accident in question.

The evidence is abundant that the City knew of the defective condition of the street, and that there were numerous holes in the hard surface thereof in the location where this accident occurred. The plaintiff's

witnesses said that the holes were so numerous that a motorist could not avoid running into them, whereas some of the witnesses for the City seem to think that a motorist could have "dodged" the hole which the plaintiff says was struck by the unknown driver on the occasion complained of. In other words, the testimony was conflicting as to whether or not the holes were sufficiently numerous and large as to have caused the automobile to have been diverted from its course to such an extent that it struck the plaintiff and caused the injury complained of. Some of the witnesses said that the hole was approximately nine inches deep, and the plaintiff testified that it was large enough for her to fall back into after being struck by the automobile.

■■ Plaintiff lived on the west side of Lee Street, and had walked along the edge of the street on that side from her residence, a distance from 70 to 100 feet, in going to catch the bus at an intersection to the south, when she was struck by the automobile. The jury was warranted in believing from the evidence that she was walking on or near the shoulder of the street, since she admitted that she had seen the automobile coming from the north, and it was presumably on the right or west side of the street. We also think the jury was warranted in believing that when this automobile struck the hole, it was caused to be diverted in its course, or sufficiently to the right, as to strike the plaintiff at a time when she was exercising reasonable care for her own safety. ■■ Of course, she could have crossed the street in front of her house and walked toward the south on the east edge thereof, there being no sidewalks on either side of this street, but she intended to travel only a very short distance from her house to the bus at the first street intersection below, and her failure to cross over to the left side of the street was not the proximate cause of the injury complained of.

■■ We think that the case is controlled in favor of the plaintiff by what was said in the case of Brewer

v. Town of Lucedale, 189 Miss. 374, 198 So. 42, ██ █ and the decisions therein cited; that the instructions, when considered as a whole, were sufficient to fairly and correctly present the law of the case to the jury; ██ █ and that the amount of the verdict is not in the least excessive in view of the pain, suffering, and disability caused by the plaintiff's leg being broken in the accident. We are therefore of the opinion that the judgment of the trial court should be affirmed.

Affirmed.

*Hall, Kyle, Holmes* and *Gillespie,* JJ., concur.