CITY OF INDIANOLA, ETC., *v.* LOVE, et al.

No. 39961          March 12, 1956          85 So. 2d 812

April 23, 1956                                86 So. 2d 871

June 11, 1956                                 87 So. 2d 870

*Cooper & Harper,* Indianola; *J. Robertshaw,* Greenville, for appellants.

*Neill, Clark & Townsend,* Indianola, for appellees.

ARRINGTON, J.

This is the second appearance of this case before the Court. The facts are fully stated in the former decision, Kirkpatrick, et al. v. Love, et al., 220 Miss. 174, 70 So. 2d 321. Upon remand, there was a second trial on the merits and the plaintiffs recovered judgment for $1,331.99, which was approximately one-half of the amount of the damages to the two cotton picking machines and the truck. From this judgment, the appellants appeal and the appellees cross-appeal. We will not detail the evidence, since both parties agree that the facts are substantially the same as in the first trial.

The appellants contend that the trial court erred in not entering judgment for the full amount of damages claimed. We are of the opinion that this assignment is well taken as to the actual damages. The evidence is undisputed that the repairs were necessary to the cotton picking machines and truck in the amount of $2480.52. Carroll County v. Shook, 216 Miss. 232, 62 So. 2d 311. The appellants also contend that they are entitled to recover $2000.00 special damages for loss on a cotton picking contract. Under the pleadings and proof in this case, we are of the opinion that there is no merit in this contention.

The appellees contend that the judgment should be affirmed for the reason that the jury had to consider the contributory negligence of the appellants' driver, Maddox, and also the improper loading of the truck. The appellees did not plead contributory negligence and no instruction was given on that issue. However, the jury has a right to diminish damages because of contributory negligence even though it is not pleaded and no instruction is given authorizing them to so diminish the damages because of contributory negligence. Pounders v. Day, 151 Miss. 436, 118 So. 298; Vaughn v. Bollis, et al, 221 Miss. 589, 73 So. 2d 160. We are of the opinion that there was not sufficient proof of contributory negli-

gence on the part of Maddox, the driver of the truck, for the jury to find that his negligence contributed to the accident; further, that the overwhelming weight of the evidence shows that the cotton picking machines were properly loaded on the truck; and, therefore, the action of the jury in diminishing the damages was not justified under the evidence.

We hold that the sole proximate cause of the accident and resulting damages was the acts of Love. The judgment should have been for the full amount of the loss sustained by appellants resulting from the damage to the cotton picking machines and truck in the amount of $2480.52. Judgment is entered here against Love and the United States Fidelity and Guaranty Company jointly and severally in the sum of $2,000, the amount of the bond, and against Love for the amount of $480.52, being the amount of the damages exceeding the penalty of the bond.

Reversed and judgment here for appellant on direct appeal, and affirmed on cross-appeal.

All justices concur, except Gillespie, J., who dissents in part.

Gillespie, J., dissenting in part

I think the judgment should be affirmed for the amount of the verdict rendered by the jury. I respectfully dissent from that part of the majority opinion holding that the jury was not justified in diminishing the damages.

## ON SUGGESTION OF ERROR

Hall, J.

On February 6, 1956, on the direct appeal of the appellant, this cause was reversed and judgment entered for $2,480.52, and it was affirmed on the cross-appeal of the appellees.

Both the appellants and the appellees have filed suggestions of error and, being satisfied that the law of the

case was correctly decided by us, the suggestion of error by the appellees is overruled.

The actual damages which we fixed and allowed to the appellants consisted of four items to-wit: $1,177.90 for the first repairs to the mechanical cotton picker belonging to George Stock, plus $183.00 for additional repairs thereto, plus $1,195.52 for damages to the picker belonging to Mr. Kirkpatrick, plus truck damage paid by Stock and Kirkpatrick in the amount of $107.56. In the preparation of the opinion we did not add up the total of these figures, which it will readily appear amounts to $2,663.98. Instead of taking that figure we took the recapitulation in the amount of $2,480.52 as given on the last page of appellants' reply brief. In their suggestion of error the appellants call our attention to the fact that the total should be $2,663.98. ██ █ This suggestion of error will be treated as a motion to correct the judgment and the said motion is sustained and judgment will be here entered against the appellees Will Love and United States Fidelity & Guaranty Co., the surety on his official bond, both jointly and severally in the amount of $2,000.00, which is the amount of said bond, and additional judgment will be entered against Will Love individually in the sum of $663.98.

Appellees' suggestion of error overruled.

Appellants' motion sustained.

All justices concur, except Gillespie, J., who dissents.

## ON MOTION TO RETAX COSTS

Hall, J.

On March 12, 1956, we reversed the judgment of the lower court and entered judgment for appellant on direct appeal and affirmed the case on cross-appeal. 85 So. 2d 812. On April 23, 1956, we overruled a suggestion of error filed by appellees and sustained a motion to correct judgment in favor of the appellants. 86 So. 2d 871. In the opinion on the motion to correct judgment the mat-

ter of court costs was not mentioned and we ordered judgment against the appellees both jointly and severally in the principal amount of $2,000 and an additional judgment against Will Love individually in the sum of $663.98. In entering judgment the clerk taxed all the cost against Will L o v e individually and none of it against the surety, United States Fidelity & Guaranty Company. The appellants have filed a motion to retax the costs so as to make the same payable both jointly and severally by the surety and Will Love. ▆▆ ▆ We think the motion should be sustained for the reason that the surety, while liable on its surety bond for only the principal sum of $2,000, has fought this case through two trials in the circuit court and two appeals to this Court. See 50 Am. Jur, Suretyship, Section 218. The case is quite similar to one where a surety has endorsed a promissory note in the amount of $2,000 and defended a suit on the note upon default in the payment thereof by the principal and caused the costs to be incurred by reason of such defense. In such a case the surety would be liable not only for the principal of the note but also for the costs incurred in defending the suit.

Motion to retax costs in sustained and judgment for all the costs will be entered jointly and severally against Will Love and the surety.

All justices concur except Holmes, J., who took no part, and Gillespie, J., who dissents.