WOODMANSEE *v.* GARRETT

No. 42686 June 3, 1963 153 So. 2d 812

*White, Buntin & Martin,* Gulfport, for appellant.

*Rae Bryant,* Gulfport, for appellee.

Rodgers, J.

Appellant, Johnnie Woodmansee, obtained a judgment against Ronald B. Garrett in the Circuit Court of Harrison County, Mississippi, for $365 for personal injuries. Plaintiff filed a motion for a new trial, and an order was entered sustaining the motion but provided therein "Unless defendant add $1,000 to the judgment within ten days." Defendant filed an acceptance agreement to the order of the court. Plaintiff refused to accept the offer of defendant to add to the judgment, as suggested by the trial judge, and promptly perfected an appeal to this Court.

The foregoing compensatory judgment grew out of the following facts: The United States Government maintains an Air Base near Biloxi, Harrison County, Mississippi. 2nd Street in Keesler Air Base extends in a northerly and southerly direction. It intersects D Street at a right angle, thus "D Street" extends east and west. 2nd Street is a "through street." That is to say, all vehicular traffic is required to stop at traffic "Stop" signs placed at the entrance of the various intersections of streets before entering 2nd Street. D Street had stop signs at the northeast and southwest corners of the intersection to 2nd Street.

Appellant was proceeding north along 2nd Street at 11:50 A. M., June 4, 1962. He was riding a motor bicycle, called a "motor scooter", and was traveling at approximately fifteen miles per hour. The weather was clear and warm. He observed a detail of flight troops as they marched from the east on D Street and turned south, approaching appellant. Appellant proceeded toward the intersection of D Street and reached it at the time when the highway guard had been withdrawn, clearing the intersection of 2nd and D Streets.

Appellant continued his progress into the intersection and suddenly saw a car to his left, just as it struck his

scooter, throwing him to the pavement on the northeast corner of the intersection.

Appellee, Ronald B. Garrett, came from the west, traveling east on D Street, at a time when marching soldiers were entering the intersection. He stopped at the stop sign at 2nd Street. He observed a woman in an automobile facing south, on the north side of the intersection on 2nd Street, and as the troops cleared the intersection, she motioned to him to proceed in front of her car, east, through the intersection. Appellee then looked south, down 2nd Street, but saw no automobiles approaching from that direction. He then drove into the intersection and as he reached the southeast quadrant, his automobile collided with appellant's motor scooter.

It is apparent from the foregoing circumstances that this is a typical intersection accident, similar to myriads of cases submitted to juries for factual determination under proper legal instructions, in all parts of this country. Although the judgment was against appellee, he made no cross-appeal and now insists that the judgment should be affirmed against him, including the additur.

We are of the opinion that the verdict of the jury insofar as it determined the cause of the accident should be affirmed, and that there is sufficient testimony in the record on which to base a verdict in favor of appellant.

On the other hand, we are of the opinion that the learned trial judge should have sustained appellant's motion for a new trial on the issue of damages only, and the acceptance by appellee of an added amount to the verdict of the jury by order of the trial judge is not binding upon appellant.

Appellant was seriously and permanently injured. His teeth were cracked and broken. He suffered a severe compound fracture of the tibia of his right leg. He had several cracked ribs, and contusions and abrasions

of the right hip. His injury necessitated his staying in the hospital nine weeks, during which time pins or wires extended through his heel and tibia and were incorporated with the cast. These wires were kept in his leg for a period of six weeks. His doctor testified that it was a serious fracture. For many weeks, it was necessary for the appellant to take narcotics to relieve him of pain.

Appellant has not been able to pursue his studies. He claimed his motor bicycle was totally destroyed, but this was denied by defendant. The motor scooter was valued at $215.

■■ ■ The jury verdict was obviously grossly inadequate and palpably against the great weight of the evidence. It therefore became the duty of the trial judge to grant a new trial on motion of the plaintiff. Anno. 16 A. L. R. 2d, pp. 257, 441; City of Biloxi v. Armistead, 226 Miss. 324, 84 So. 2d 431; Vaughan v. Bollis, 221 Miss. 589, 73 So. 2d 160; 25 C. J. S., Sec. 198 (3), p. 958; 39 Am. Jur., New Trial, Sec. 145, p. 151.

■■■ Although at one time, new trials were not granted nor reversals had upon inadequacy of damages, it is now a generally accepted rule that a verdict may be set aside on such ground by the trial court or the appellate court upon appeal, under circumstances similar to those which justify the setting aside of an excessive verdict. See 15 Am. Jur., Damages, Sec. 231, p. 663; 39 Am. Jur., New Trial, supra; Vaughan v. Bollis, supra; Scovil v. City of Pascagoula, 233 Miss. 198, 102 So. 2d 537; Barr v. G. M. & N. R. Co., 168 Miss. 863, 152 So. 294; Ozen v. Sperier, et al., 150 Miss. 458, 117 So. 117; Hicks v. Corso and Cefalu, 131 Miss. 659, 95 So. 636; Legler v. Kennington-Saenger Theatres, Inc., 172 F. 2d 982; Faulkner v. Middleton, 186 Miss. 355, 188 So. 568; Murray v. Murray, 239 Miss. 691, 125 So. 2d 83.

The learned trial judge recognized the inadequacy of the verdict in this case, but evidently in an effort to

prevent the expense of a new trial, he overruled the motion therefor, conditioned upon the requirement that the defendant pay plaintiff an additional $1,000. This action of the trial judge was apparently based upon a consideration of that part of Sec. 1536, Miss. Code 1942, Rec., which is in the following language: ''Every new trial granted shall be on such terms as the Court shall direct * * *''.

The general theory on which an addition may be made to a jury verdict is expressed in 5 Am. Jur., 2d, Appeal and Error, Sec. 946, p. 373, in the following language: ''In actions for liquidated damages, some courts will correct an insufficient verdict by increasing the amount of recovery and affirming the judgment as thus modified, as where, in a contract action, the plaintiff was denied interest or other liquidated amounts to which he was entitled. There is substantial controversy as to the power of the court, in actions for unliquidated damages, to increase the amount of an inadequate verdict. Some courts have taken the view that there is no such power. There are, however, numerous cases in which additur has been allowed on the same basis as a remittitur, that is, by allowing the party affected (the defendant in the case of additur) to accept a verdict for the added amount in lieu of the hazards of a new trial. Under the practice of the civil law, even in actions of tort where the only error is in the inadequacy of damages, the appellate court may increase damages to the amount deemed proper, and, as thus increased, affirm the judgment.'' See also 39 Am. Jur., New Trial, Sec. 211, p. 205.

There are several cases heretofore reported from this Court in which the trial court or this Court has added a sum to the verdict of the jury, and a review of these cases may be helpful.

In the case of Ruffin v. J. & M. Schwabacher, Ltd., 156 Miss. 326, 126 So. 14, the jury returned a verdict

in favor of plaintiff on a suit on an open account. Defendant did not deny the correctness of the account sued on, but denied he owed the same or any part thereof because he was entitled to credit of an item not credited. The jury returned a verdict in favor of plaintiff but did not set out the amount due. The trial court entered a judgment in favor of the plaintiff for the sum for which suit was brought. The case was affirmed here.

In the case of Collins v. Carter, 155 Miss. 600, 125 So. 89, the jury brought in a verdict in favor of plaintiff on an open account, without mentioning interest, and this Court held that the trial judge properly added the interest to the verdict, from the date of the filing of the suit.

In the case of Stone-Lowe Cotton Company v. Weil Brothers, 129 Miss. 60, 91 So. 859, appellee brought a suit on a contract for the purchase of cotton, setting out the number of bales and the price. There was sharp dispute between plaintiff and defendant as to the terms of the contract, but there was no dispute as to the weight and price. The jury found for the plaintiff, in general terms, without fixing the amount due. The court, without consulting the jury, amended the verdict so as to assess damages in the amount sued for. On appeal, this Court permitted the judgment of the court to stand.

In the case of State of Mississippi for the Use and Benefit of Stevens Enterprises, Inc. v. McDonnell, et al., 236 Miss. 841, 111 So. 2d 662, a taxpayer obtained a judgment against the sheriff and his sureties for an alleged illegal sale under tax warrant of certain personal property in the sum of $1,500, the jury rendered a verdict in the sum of $996.62, and the trial court suggested that there be an additur thereto in the sum of $500, which was agreed to by appellees, and final judgment was rendered against them in the sum of $1,496.22. This Court, without passing upon the authority of the trial

court to require an addition to the verdict of the jury, reversed and remanded the case for a new trial on the amount of the damages only.

In the case of The City of Indianola, for Use of T. F. Kirpatrick and George Stock v. Will Love and United States Fidelity and Guaranty Company, 227 Miss. 156, 85 So. 2d 812, this Court pointed out that the jury had returned a verdict for approximately one-half of the amount of damages to two cotton picking machines. The evidence showed that the two cotton picking machines were damaged as a result of the orders of the chief of police in requiring the driver of the truck to move over to the shoulder of the road, at a place where the truck was thereby caused to overturn, resulting in the damage to the cotton picking machines. On appeal, this Court entered judgment for the full amount. The Court said: ''We hold that the sole proximate cause of the accident and resulting damages was the acts of Love. The judgment should have been for the full amount of the loss sustained by appellants resulting from the damages to the cotton picking machines and truck in the amount of $2,480.52.''

 It has been held as a general rule that a trial court does not have power arbitrarily to increase the verdict of the jury without the consent of the party prejudiced, as this is violative of the constitutional guaranty of trial by jury. 39 Am. Jur., New Trial, Sec. 214, p. 206.

 From the foregoing authorities, we have come to the conclusion that where the amount in question is undisputed or liquidated, or the damage is fixed by law, or where the amount due may be determined by mathematical calculation, including interest, the trial court, or this Court on appeal, may add to the verdict of the jury so as to show the true amount due. See Anno., 56 A. L. R. 2d, Sec. 21, p. 264, et seq. This rule is not intended however to modify or limit the power

of the trial court to reform a verdict at the bar, or grant a writ of inquiry, in accordance with Secs. 1515 and 1514, Miss. Code 1942, Rec.

██ ■ On the other hand, we are of the opinion that the trial court cannot add to the verdict of the jury an additional sum as damages in unliquidated claims, nor can the trial court bind the plaintiff in a damage suit by adding to the verdict of the jury an additional award so as to circumvent the necessity of a new trial where the jury has returned an inadequate award of damages, and where a motion is made for a new trial on that ground.

This case must therefore be reversed, and a new trial granted on the issue of damages only.

Appellant assigns, but does not argue, an alleged error of the court in granting an instruction on contributory negligence. Since this case must be retried, we point out that we are of the opinion that the instruction complained of was proper under the facts in the record, and the court was correct in granting the instruction. The procedure suggested by this Court in the case of Vaughan v. Bollis, 221 Miss. 589, 73 So. 2d. 160, is applicable in this case and should be followed.

This case is therefore reversed and remanded for a new trial upon the issue of damages only.

Reversed and remanded.

*Lee, P. J., and Kyle, Arrington and Ethridge, JJ.,* concur.