POYNTER *v.*

TROTTER, A MINOR, BY FATHER AND NEXT FRIEND

No. 43189          November 2, 1964          168 So. 2d 635

*Lawrence D. Arrington,* Hattiesburg, for appellant.

*Dudley W. Conner,* Hattiesburg, for appellees.

RODGERS, J.

Louis Gene Poynter was alleged to be the father of an illegitimate child in bastardy proceedings instituted in the County Court of Forrest County, Mississippi. A jury returned a verdict at the conclusion of the trial in the following words: "We, the jury find for the plaintiff and assess her damages at $200 as past reasonable expenses for pregnancy, confinement, and medical attention, and the sum of $40 to be paid monthly for 12 years. Payment to start September 1, 1963 and payable on the 1st of each month thereafter."

On the same day, the court corrected the verdict so as to conform to Mississippi General Laws, chapter 312, section 12 (1962) "To the extent that said sum to be paid monthly shall be paid until the child reaches the age of sixteen (16) years, rather than '$40.00 to be paid monthly for twelve years.'" Accordingly, a judgment was entered by the county judge declaring appellant to be the natural father of the child, and, among other things, requiring appellant to pay to Martha Ann Trotter the sum of $40 per month until said child reaches the age of sixteen years.

Appellant made a motion for a new trial, and when this motion was overruled, he appealed to this Court. He has assigned as error the judgment of the court correcting the verdict of the jury. Appellant insists that Mississippi Code Annotated section 1670 (1942) applies to the facts in this case and requires "at least three days notice of amendment before said amendment is actually made and which was not done in this case * * *". It is therefore contended that the trial judge had no authority "to order the verdict of the jury corrected and enter a different verdict than that rendered by the jury, and even if he had the authority * * * then notice to appellant was not given * * * which renders the amendment void * * *".

We do not agree with the contention of appellant for the following reasons: First: Mississippi Code Annotated, section 1670 (1942) does not require notice to correct a verdict at the bar during a term of court. Mississippi Code Annotated, section 1515, (1942) provides that "If the verdict is informal or defective the court may direct it to be reformed at the bar * * *".

Second: No special form of verdict is required under the laws of this State. (Mississippi Code Annotated, section 1518 (1942)) A verdict is sufficient in form if it decides the question in issue, and

is certain in such a way as to enable the court intelligently to base a judgment thereon. ■■ ■ Moreover, where a jury verdict is responsive to the issue but also contains findings which are not necessary for the determination of the issue involved, such additional findings may be disregarded as surplusage. Meridian City Lines, Inc. v. Baker, 206 Miss. 58, 39 So. 2d 541 (1949); Ruffin v. J. & M. Schwabacher, Ltd., 156 Miss. 326, 126 So. 14 (1930); Collins v. Carter, 125 So. 89 (Miss. 1929); Hines v. Lockhart, 105 So. 449 (Miss. 1925); Stone-Lowe Cotton Co. v. Weil Bros., 129 Miss. 60, 91 So. 859 (1922); Thornton v. Lucas, 29 So. 400 (Miss. 1901); Patrick v. Carr, 50 Miss. 199 (1874); Windham v. Williams, 27 Miss. 313 (1854); Montgomery v. Tillotson, 1 How. 215 (1835). 89 C. J. S. Trial § 509 p. 185 (1955); 53 Am. Jur. Trial § 1094 p. 758 (1945).

■■ ■ Third: In the instant case, the jury, by its verdict, determined that the appellee is the natural father of the child here involved. Mississippi General Laws, chapter 312, section 12 (1962), require the court to enter a judgment against the person found by the jury to be the father of the illegitimate, in the following language:

"Order. (a) If the finding be against the defendant, the court shall make an order of filiation, declaring paternity, and for the support and education of the child.

"(b) The order of filiation shall specify the sum to be paid weekly or otherwise, until the child reaches the age of sixteen (16). In addition to providing for the support and education, the order shall also provide for the funeral expenses if the child has died; for the support of the child prior to the making of the order of filiation; and such other expenses as the court may deem proper."

It is apparent from the foregoing that the court had no alternative except to enter the judgment provided by law.

We are therefore of the opinion that the judgment of the trial court should be, and is, affirmed.

Affirmed.

*Lee, C. J., and McElroy, Jones and Brady, JJ.,* concur.